UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA L. HUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-1259-G |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is Plaintiff Cynthia L. Hutton's Motion for Attorney's Fees (Doc. No. 26), filed through Plaintiff's counsel Kyle Saunders and presenting two related requests. First, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Plaintiff requests authorization for her counsel to seek attorney's fees under 42 U.S.C. § 406(b)(1). *See* Fed. R. Civ. P. 60(b)(6); *McGraw v. Barnhart*, 450 F.3d 493, 504-05 (10th Cir. 2006). Second, assuming the granting of the first request, Plaintiff moves for an award of attorney fees in the amount of $8900.00 under § 406(b). *See* Pl.'s Mot. Att'y Fees at 1-3; Pl.'s Mem. (Doc. No. 27) at 1-15. Defendant has responded (Doc. No. 28), Plaintiff has filed a Reply (Doc. No. 29), and the matter is now at issue.

On August 28, 2019, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA"), which had denied Plaintiff's application for disability insurance benefits ("DIB"), and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 23) at 1. On remand, the Social Security Administration issued a favorable decision

on Plaintiff's DIB application and found that Plaintiff was entitled to past-due benefits of $59,826.60.  *See* Pl.'s Mem. at 3; *id.* Ex. 2, Notice of Award (Doc. No. 27-2) at 3.

Accordingly, the Court finds that "[s]ubstantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6)," *McGraw*, 450 F.3d at 505, and grants Plaintiff's request to file a request for attorney's fees pursuant to § 406(b).

Turning to Plaintiff's request for fees, 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant.  *Id.*  This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered."  *Id.*

Having carefully reviewed the Motion and supporting documentation, the Court finds that $8900.00 is a reasonable fee award for the work performed in this case in view of the results achieved, the applicable attorney-fee agreement, and the contingent nature of the representation.  Plaintiff and Plaintiff's counsel stipulated in their fee agreement that in

the event of "a favorable administrative determination" the attorney fee will be "twenty-five percent (25%) of the past-due benefits." Pl.'s Mem. Ex. 1 (Doc. No. 27-1) at 1 (emphasis omitted). The requested fee award is approximately 15% of the past-due benefits awarded to Plaintiff and thus an amount contemplated by the written agreement between Plaintiff and her counsel, given the favorable determination by the SSA. *See id.*[1]

While before the Court, Plaintiff's counsel filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's DIB claim. *See* Doc. No. 16. The Commissioner filed a brief in opposition, which Plaintiff's counsel was required to review. *See* Doc. No. 20; Pl.'s Mem. Ex. 3 (Doc. No. 27-3) at 2. Plaintiff's counsel represents that he spent 27.50 hours litigating Plaintiff's disability case in federal court (not including time spent on attorney-fee issues), which would result in an effective hourly rate of $323.64 with respect to the requested § 406(b) fee. *See id.* at 1-2; Pl.'s Mem. at 9-15; *see also Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No.

---

[1] The Notice of Award states that only $6000.00 was withheld from the past-due benefits for payment of fees. *See* Notice of Award at 4. The Government takes no position on fee award requested but, citing this statement, objects that Plaintiff's counsel is seeking a higher fee than the sum withheld by the SSA. *See* Def.'s Resp. at 3-4. The statement appears to be an error, however, as the document also clearly states that the SSA "cannot withhold more than 25 percent of past-due benefits" and that Plaintiff is receiving benefits in the amount of $44,869.95—i.e., the past due benefits of $59,826.60 less 25% (or $14,956.65). Notice of Award at 3, 4. In any event, Plaintiff sets forth persuasive argument that the Court's authorization of a reasonable fee should be determined pursuant to § 406(b) and *Gisbrecht*, rather than solely by reference to the SSA's withholding amount.

3

CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour).

Accordingly, Plaintiff's Motion for Attorney's Fees (Doc. No. 26) is GRANTED. Plaintiff's attorney Kyle Saunders is awarded attorney's fees in the amount of $8900.00, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. § 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Kyle Saunders, Saunders & Saunders, PO Box 1605, Ada, Oklahoma, 74820. Upon payment, Mr. Saunders shall promptly refund to Plaintiff the $5000.00 previously awarded under 28 U.S.C. § 2412. *See* Order of October 30, 2019 (Doc. No. 25) at 1-3; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 15th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge